J-S67012-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER R. BAKER, | : | |
| | : | |
| Appellant | : | No. 242 WDA 2014 |

Appeal from the PCRA Order January 23, 2014,
Court of Common Pleas, Potter County,
Criminal Division at No. CP-53-MD-0000119-1992

BEFORE: DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED MAY 13, 2015**

Christopher R. Baker ("Baker") appeals from the January 23, 2014 order entered by the Court of Common Pleas, Potter County. This case returns to this Court for the third time.

On April 28, 2014, appointed counsel, Attorney Brent Petrosky ("Attorney Petrosky"), filed a brief with this Court that appeared to be an attempt to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967). In a Memorandum dated November 26, 2014,[1] we concluded that Attorney Petrosky's attempt to withdraw was deficient and remanded this case to the PCRA court for a **Grazier**[2] hearing to determine if Baker wished to proceed pro se on appeal or, if he chose to have a counseled

---

[1] We note that we improperly referred to this Memorandum as being dated December 8, 2014 in our March 31, 2015 Judgment Order.

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

appeal, with instructions for Attorney Petrosky to file with this Court a proper advocate's brief or a "no-merit" letter that complied with the requirements of *Turner/Finley*.[3] *Commonwealth v. Baker*, 242 WDA 2014, at 5 (Pa. Super. Nov. 26, 2014) (unpublished memorandum). On February 17, 2015, after conducting a *Grazier* hearing, the PCRA court determined that Baker requested continued representation of counsel.[4] On March 9, 2015, Attorney Petrosky filed a petition to withdraw as counsel and "no-merit" letter dated February 26, 2015 with this Court.

Our review of Attorney Petrosky's February 26, 2015 "no-merit" letter revealed that he failed to satisfy the requirements of *Turner/Finley*, as he did not address all of the issues raised by Baker in his February 13, 2014 Concise Statement of Matters Complained of on Appeal, and failed to detail the nature and extent of his review. *Commonwealth v. Baker*, 242 WDA 2014, at 2 (Pa. Super. March 31, 2015) (unpublished judgment order). Accordingly, in a Judgment Order dated March 31, 2015, we denied Attorney Petrosky's petition to withdraw and again remanded this case with instructions for Attorney Petrosky to submit within thirty days a revised "no-

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[4] After remand, Baker filed a Motion for Appointment of Counsel on December 17, 2014, requesting the appointment of new counsel. The PCRA court denied Baker's request, stating, "there is no evidence that there is a breakdown in the attorney client relationship." PCRA Court Order, 2/17/15. Thus, Attorney Petrosky's representation of Baker was continued by the PCRA court.

merit" letter that comports with **all** of the requirements of ***Turner/Finley***.

***Id.*** at 2-3.  In particular, we instructed Attorney Petrosky to:

>    1. detail the nature and extent of counsel's diligent review of the case; AND

>    2. list all four issues raised by Appellant in his February 13, 2014, Concise Statement of Errors Complained of on Appeal; AND

>    3. explain why and how each of Appellant's four issues lack merit; AND

>    4. request permission to withdraw.

***Id.*** at 3.  We further instructed Attorney Petrosky to send to Baker a copy of the "no-merit" letter, the petition to withdraw, and a statement advising Appellant of his right to proceed pro se or by new counsel.  ***Id.***

On April 15, 2015, Attorney Petrosky filed a supplemental petition to withdraw and "no-merit" letter dated April 2, 2015.  Upon review of Attorney Petrosky's supplemental petition to withdraw and "no-merit" letter, we conclude that the "no-merit" letter still does not comply with the requirements of ***Turner/Finley*** for several reasons.

First, although Attorney Petrosky filed a document titled as a petition to withdraw as counsel, at no point in his petition or in his "no-merit" letter does he request permission to withdraw.  Second, while Attorney Petrosky discusses the nature and extent of his review of the case in his petition to withdraw, he makes no mention of these efforts in his "no-merit" letter.

Third, Attorney Petrosky failed to comply with our instructions to list all four issues raised by Baker and explain why and how each of the four issues lack merit. Attorney Petrosky addresses the two issues raised by Baker that he failed to address in his February 26, 2015 "no-merit" letter, but fails to address the two issues he previously discussed in that "no-merit" letter. Instead, Attorney Petrosky simply refers to the February 26, 2014 "no-merit" letter and states that he previously discussed those issues "in detail." **See** Attorney Petrosky's "No-Merit" Letter, 4/2/15, at 1-2 (stating, "I understand that all of your issues raised at the Hearing of February 17, 2015, were discussed in my letter to you of February 26, 2015. … The Miller v. Alabama decision was previously discussed in detail. … Commonwealth v. Cunningham was previously discussed in great detail.").

Finally, our review of Attorney Petrosky's April 2, 2015 "no-merit" letter reveals that he failed to provide a statement advising Baker of his right to proceed pro se or by new counsel. The law is well settled that in addition to submitting a "no-merit" letter that complies with the **Turner/Finley** requirements, counsel must also satisfy the following technical prerequisites: "Counsel must [] send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and **(3) a statement advising petitioner of the right to proceed *pro se* or by new counsel**." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (emphasis added) (citing **Commonwealth v. Friend**, 896

- 4 -

A.2d 607, 615 (Pa. Super. 2006)). As Attorney Petrosky failed to advise Baker of his right to proceed pro se or to retain new counsel in the April 2, 2015 "no-merit" letter, we conclude that Attorney Petrosky failed to satisfy the technical demands of **Turner/Finley**.[5]

This Court has now reviewed three deficient attempts by Attorney Petrosky to withdraw as counsel despite our efforts to provide instructions detailing how to comply with the **Turner/Finley** requirements. As such, Attorney Petrosky has demonstrated an inability or unwillingness to comply with the well-established procedure to withdraw as counsel pursuant to **Turner/Finley**. Similarly, Attorney Petrosky has demonstrated that he is unable or unwilling to comply with this Court's instructions. As a result, we remand this case to the PCRA court for a period of thirty days for the appointment of new counsel.[6] Following the appointment of new counsel, an

---

[5] We note that if we view the amalgam of Attorney Petrosky's attempts to withdraw as counsel together, he arguably comes close to satisfying the **Turner/Finley** requirements. We do not know, however, if Attorney Petrosky attached copies of his previously filed **Anders** brief and "no-merit" letters to his April 2, 2015 "no-merit" letter that he sent to Baker. Regardless, we conclude that it would be unreasonable to ask Baker to piece together Attorney Petrosky's petitions and letters, which date back to April 28, 2014, to ascertain his rights and responsibilities under **Turner/Finley** in order to pursue the issues he wished to raise on appeal. As such, given Attorney Petrosky's failure to satisfy the technical demands of **Turner/Finley** in his April 2, 2015 "no-merit" letter, we conclude that Attorney Petrosky's attempt to withdraw is yet again deficient.

[6] As we stated in our Memorandum dated November 26, 2014, as this is Baker's fourth PCRA petition, he is not entitled to counsel. Nevertheless, since the PCRA court decided to appoint counsel to represent Baker in this matter, we conclude that Baker is entitled to "competent, thorough, and

advocate's brief or a "no-merit" letter or brief pursuant to **_Turner/Finley_** must be filed with this Court by new counsel within thirty days of the PCRA court's appointment. Furthermore, since Attorney Petrosky is court appointed and has abdicated his duties on three separate occasions, we direct the PCRA court to withhold attorney's fees from him and/or recover those fees already paid to Attorney Petrosky for his work relating to Baker's appeal.

Case remanded. Panel jurisdiction retained.

Fitzgerald, J. joins the Memorandum.

Mundy, J. concurs in the result.

---

prepared representation" in accordance with Rule 1.1 of the Rules of Professional Conduct, and diligent and zealous representation in accordance with Rule 1.3 of the Rules of Professional Conduct.